UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Salvador J. Perez, *Plaintiff*, v. Albany Restaurant, Inc., et al. *Defendants*. | No. 22 CV 4153 Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

After working for over 35 years at Albany Restaurant, Inc. (D/B/A Peking Mandarin Restaurant), Plaintiff Salvador J. Perez quit on July 16, 2022.[1] Less than a month later, Perez sued Albany and the Restaurant's purported owners, Hsing Kao, Chun Kao, Tina Kao (collectively, "Kao Defendants"), and Chih Yu, alleging violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").[2] Perez contends he did not receive proper minimum or overtime wages.

Before the Court is Defendants' motion for partial summary judgment as to the Kao Defendants' personal liability. The heart of the motion is that none of the Kao Defendants can be considered Perez's "employers" under the FLSA because they have not worked in any capacity at the Restaurant for over 20 years. And if they are not "employers", they are immune from individual liability. The Court agrees, and the motion is granted. Perez's case may proceed to trial only against Albany and Yu.

---

[1] The Court will use "Albany" to refer to the corporate entity, and "the Restaurant" to refer to where Perez worked.
[2] Although the Restaurant is located in Chicago, Plaintiff did not bring a claim under the Chicago Minimum Wage Ordinance.

1

I.  **Background**

The following facts are taken from the parties' Local Rule 56.1 statements and supporting exhibits.[3] [Dkts. 74, 76, 77.] The Court presents the facts in the light most favorable to Perez as the non-moving party. *Emad v. Dodge Cty.*, 71 F.4th 649, 650 (7th Cir. 2023). These facts are undisputed except where a dispute is noted.

While this case is about whether the Restaurant adequately paid Perez for his work, this motion is about whether a reasonable jury could find the Kao Defendants are individually responsible for the alleged underpayment. As their shared surname suggests, the Kao Defendants are related. Hsing Kao (father) is married to Chun Kao (mother), and they have a daughter together named Tina. [Dkt. 76 at 11.][4] Hsing Kao owned the Restaurant (through Albany) going back at least to the 1980s, and all three Kao family members worked there at times. [Dkt. 74 at 22, 24; Dkt. 76 at 11.]

But the situation changed around the turn of the century. In an affidavit, Hsing states he has been retired since 1997 and has not "participated in any aspect of Mr. Perez's or anybody else's employment" since that time. [Dkt. 74 at 22.] Chun's affidavit goes a step further. According to her, she is "certain that [she] did not set

---

[3] Neither party complied with the requirements for disputing the other's facts as prescribed in L.R. 56.1(e)(3). Perez responds to nearly all Defendants' facts by stating it cannot be discerned whether they are "real facts" because of alleged discovery production deficiencies. [*See* Dkt. 76 at 11-13.] Defendants, in turn, rarely "cite specific evidentiary material" when attempting to refute Perez's facts, opting instead to provide narrative responses. [Dkt. 77 at 5-8.] Accordingly, the Court will treat improperly disputed facts as admitted, L.R. 56.1(e)(3), and will find disputes only where the parties' competing facts are incompatible.

[4] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents. Neither party filed their Rule 56.1 statements or exhibits as separate docket entries, so the Court cites to page numbers as opposed to paragraphs.

[her] feet into the door of Peking Mandarin Restaurant … after 1997." [*Id.* at 24.] Tina testified at her deposition that she stopped working at the Restaurant around 2001. [Dkt. 76 at 11.]

Although Hsing avers he retired in 1997, he continued to "own" the Restaurant until November 1, 2001, when he sold it to his niece, Defendant Yu. [*Id.*] The Kao Defendants assert they have not been involved in any way with the Restaurant since the sale, and Yu herself is in charge. Yu agrees. Yu testified at her deposition that since 2001 she, not the Kao Defendants, has been responsible for ordering food and supplies, waiting on customers, collecting money, assisting in the kitchen, hiring employees, and supervising the entire Restaurant. [*Id.*] Importantly, Yu handles paying the Restaurant's employees and has done so for Perez since 2001. [*Id.* at 12.]

Perez does not meaningfully dispute the Kao Defendants lack of involvement after 2001. While Perez says he does not know his managers' "official" names because he speaks Spanish, he admits Yu was the last person he reported to at the restaurant, and "he reported to her for a number of years" before he quit. [Dkt. 76 at 8.] At most, Perez claims "he worked with other people at Albany restaurant when he first started working", but does not say whether those people were the Kao Defendants, nor whether he worked with them after 2001, let alone August 2019 (the beginning of the relevant timeframe for his claim). [*Id.* at 9.] Ultimately, Perez presents no evidence via documentation or otherwise establishing the Kao Defendants played any role in his employment after 2001.

3

Instead, Perez focuses on Defendants' failure to produce documents, particularly related to the sale of the Restaurant from Hsing to Yu. [*Id.* at 8-10.] In what reads like a motion to compel (which Perez never filed), Perez states "facts" such as "Plaintiff was never shown any written proof of what person or who legally owned the restaurant"; "Plaintiff has never been given any business records of Albany restaurant showing [it] was ever sold from Hsing Kao … to Yu"; "Defendants did not produce notes Chih Yu was referencing during her deposition"; "Plaintiff was not provided with documents from Defendant Yu's business computer"; and "Issues as to who is the owner persist as Defendants are still using name of original restaurant that was allegedly sold but no proof anything was sold has been produced." [*Id.*] But, as explained below, the question of who owns the Restaurant is scarcely relevant to the resolution of this motion, and the time for Perez to protest Defendants' document production has come and gone.[5]

## II.  Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477

---

[5]  Briefly, Hsing states he remained the "sole shareholder" of Albany Restaurant, Inc., and the entity "has been dissolved since December 12, 2014." [Dkt. 74 at 22.] The Court's search of the Illinois Secretary of State's website confirms this, although the entity continues to be listed on the Restaurant's tax documents. [*See* Dkt. 77 at 39-42.] While the Court may need to get to the bottom of the Restaurant's ownership eventually, it need not do so today.

4

U.S. 242, 248 (1986). The Court "may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Johnson v. Rimmer*, 936 F.3d 695, 705 (7th Cir. 2019).

Ultimately, summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Wade v. Ramos*, 26 F.4th 440, 446 (7th Cir. 2022). A party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250. Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Ellis v. CCA of Tennessee LLC*, 650 F.3d 640, 646 (7th Cir. 2011) (quoting *Celotex*, 477 U.S. at 322). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Liberty Lobby*, 477 U.S. at 252.

**III. Analysis**

Defendants' motion argues summary judgment is proper for the Kao Defendants because there is no evidence they acted as Perez's "employers" between August 2019 and July 2022, the maximum potentially relevant timeframe. 29 U.S.C. § 255(a) ("a cause of action arising out of a willful violation [of the FLSA] may be

5

commenced within three years after the cause of action accrued"); *see also Sampra v. United States DOT*, 888 F.3d 330, 333 (7th Cir. 2018).

Under the FLSA and IMWL, "only those entities or individuals that constitute 'employers' … can be liable." *In-Kyu Kim v. Korean News of Chi., Inc.*, 2020 WL 469314, at *5 (N.D. Ill. Jan. 29, 2020). The test for whether an individual is an "employer" is a question of law, and identical for FLSA and IMWL claims. *Id.* The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

To determine whether an individual is an "employer" under the FLSA, Courts focus on "the 'economic reality' of the working relationship" rather than "formalistic labels or common law concepts of agency." *Cardenas v. Grozdic*, 67 F.Supp.3d 917, 923 (N.D. Ill. 2014). Factors courts consider include whether the purported employer "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.* (quoting *Velez v. Sanchez*, 693 F.3d 308, 326 (2d. Cir.2012)). Owning an entity or having a position of authority alone are not enough to make one an employer when that person does not exercise authority over the employee. *Id.*

Ultimately, determining whether "an individual is liable as an employer 'depends not upon whether the individual controlled every aspect of the employees' conduct, but upon whether the individual had control over the alleged violation.'" *In-Kyu Kim*, 2020 WL 469314, at *5 (quoting *Villareal v. El Chile, Inc.*, 776 F. Supp. 2d

6

778, 784 (N.D. Ill. 2011). As in *In-Kyu Kim*, the alleged violation here is the failure to pay Perez the proper minimum and overtime wage.

Defendants' argument is simple: the Kao Defendants did not work at the Restaurant in any capacity between August 2019 and July 2022 (or for two decades before that), so they cannot be held personally liable as Perez's employer under the FLSA or IMWL. [Dkt. 74 at 3.] They did not schedule Perez's work hours, nor did they decide how much he was paid. In support of this assertion, Defendants rely on sworn testimony from each of the Kaos, as well as Yu. [*Id.* at 6, 22, 24.] Contrary to Perez's insinuation these are impermissibly "self-serving", [Dkt. 76 at 1], there is nothing improper about using this evidence at summary judgment. *Whitaker v. Wis. Dep't of Health Servs.*, 849 F.3d 681, 685 (7th Cir. 2017) ("self-serving affidavits can indeed be a legitimate method of introducing facts on summary judgment") (quoting *Widmar v. Sun Chemical Corp.*, 772 F.3d 457, 459-60 (7th Cir. 2014)).[6] These affidavits and deposition testimony preview what these witnesses would testify to at trial: they have not worked at the Restaurant since 2001 and have not controlled any aspect of Perez's employment since that time.

Perez offers no evidence that would permit a factfinder to conclude any of the Kao Defendants acted as his employer during the relevant timeframe. At best, he

---

[6] Perez also criticizes the affidavits for not complying with Illinois Supreme Court Rule 191, but does not explain that rule's relevance in federal court. Defendants have provided signed affidavits sworn in front of a notary, [Dkt. 74 at 22, 24], which is sufficient. *See Drager v. Bridgeview Bank*, 2011 WL 2415244, at *4 (N.D. Ill. June 13, 2011) ("for a document to be a sworn affidavit, the document must be 'a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath'" such as a notary) (quoting *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir.1985)).

7

raises a "metaphysical doubt" by referencing undisclosed people he worked with at the Restaurant during undisclosed times, [Dkt. 76 at 8], but that cannot defeat summary judgment. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. 574, at 586. In fact, the most concrete testimony Perez provides—he reported to Yu for "a number of years" before he quit—corroborates Defendants' argument that Yu, and Yu alone, acted as his "employer." [Dkt. 76 at 8.]

The other arguments Perez raises range from unpersuasive to irrelevant. There is only one worth addressing.[7] Perez contends summary judgment is improper because it is not clear whether Hsing actually sold the Restaurant to Yu. [Dkt. 76 at 4-5.] Perez grossly overemphasizes the importance of this issue as it relates to Defendants' motion. Defendants' position is the Kao Defendants are not employers under the FLSA because they had no control over how much Perez worked or how much he was paid at any point from 2019-2022. *See In-Kyu Kim*, 2020 WL 469314, at *5. The question of who owns the Restaurant may become relevant if Perez succeeds on his claims against it, but ownership of the Restaurant in-and-of-itself is insufficient to establish individual "employer" liability under the FLSA. *Cardenas*, 67 F.Supp.3d 917 at 923 ("mere ownership is insufficient to hold an employee or officer individually liable" under the FLSA). Like the owner in *Cardenas*:

> There is no evidence that [Hsing] oversaw the day-to-day operations of [Perez's] work or exerted any real control over [Perez] during his employment. Most importantly, [Hsing] did not set [Perez's] work schedule or payment arrangement-the acts that form the basis of [Perez's] FLSA claim that he was denied overtime. [Perez] has failed to

---

[7] Perez claims Defendants have made a "not true" argument, [Dkt. 76 at 3], but that is a pleading doctrine under Illinois state law. He also argues the Restaurant is subject to the FLSA, [*id.*], but Defendants' motion does not argue otherwise.

provide any factual evidence that [Hsing] exercised control over him or was responsible for the alleged FLSA violations. Accordingly, [Hsing] was not [Perez's] employer.

*Id.* at 923-24. Like the district court in *Cardenas*, this Court has little trouble in granting Defendants' motion for summary judgment as to the Kao Defendants.

### IV. Conclusion

Defendants' motion for partial summary judgment is granted. The FLSA and IMWL claims against Hsing Kao, Chun Kao, and Tina Kao are dismissed. This case will proceed to trial against Albany Restaurant, Inc., and Chih Yu.

Enter: 22 CV 4153
Date: May 6, 2024

_____
Lindsay C. Jenkins
United States District Judge

9